UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JASON R. OVALLE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ASTRA BUSINESS SERVICES PRIVATE LIMITED CORP.,<br><br>　　　　Defendant. | Case No. 2:21-cv-00123 |

**NOW COMES** Jason R. Ovalle ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of Defendant Astra Business Services Private Limited Corp., ("Defendant") as follows:

## NATURE OF THE ACTION

1.　　Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.　　Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.　　Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5.　　Jason R. Ovalle is a natural person, over 18-years-of-age, who at all times relevant resided in Corpus Christi, Texas.

6.　　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant Astra Business Services Private Limited Corp maintains its principal place of business at 9550 Regency Square Blvd., Jacksonville, Florida 32225.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In January 2021, Plaintiff began receiving collection calls to his cellular phone number (361) XXX-7559 from Defendant attempting to collect an alleged debt unknown to Plaintiff ("alleged debt").

11. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular phone number ending in 7559.

12. Plaintiff was perplexed as to why Defendant was calling him because the alleged debt Defendant was attempting to collect did not belong to him, as Defendant was calling for someone else under a different name in each call Plaintiff received.

13. Plaintiff *never* provided his phone number to Defendant or otherwise expressly consented to Defendant's phone calls.

14. In January 2021, Plaintiff answered a call from Defendant to inquire as to why Defendant was calling him.

15. Upon learning that Defendant was calling for a person not matching the Plaintiff's name, Plaintiff provided his name, date of birth and address, and informed Defendant that it had the wrong number and that he wanted the calls to cease.

16. Despite knowing that Plaintiff was not who Defendant was looking for and that Plaintiff's phone number was the wrong number to reach that unknown consumer, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

17. On May 28, 2021, Plaintiff answered *another* call from Defendant and again requested Defendant to cease calling his cellular phone as he was the wrong individual Defendant was attempting to reach.

18. Frustrated with the frequent harassing collection calls, Plaintiff also spoke with a manager to tell them to stop calling him and that he was not who Defendant was looking for.

19. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (361) 748-2148.

20. Additionally, Defendant may have also used other phone numbers to place calls to Plaintiff's cellular phone in an attempt to collect on the alleged debt.

21. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

22. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

23. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

24. Upon information and belief, Defendant placed its calls to Plaintiff's cellular phone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

25. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from January 2021 through the present day in an attempt to collect on an alleged debt belonging to another person without Plaintiff's prior consent.

26. In total, Defendant placed numerous unwanted and unconsented phone calls to Plaintiff's phone number.

## **DAMAGES**

27. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

29. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

30. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

35. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

36. Defendant used the phone to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

37. Defendant's phone communications to Plaintiff were made in connection with the collection of the alleged debt.

38. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a. Violations of FDCPA § 1692c**

39. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop and that he was not the correct person Defendant was attempting to contact. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop

contacting him and that he was not the owner of the debt, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe as it belonged to another individual.

40. Moreover, Defendant was repeatedly notified by Plaintiff that he is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA § 1692d

41. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular seeking immediate payment on a debt that did not belong to him. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that he did not owe the alleged debt and demanded that the calls cease.

42. Defendant violated §1692d(5) by causing Plaintiff's cellular to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

43. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

44. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular phone.

### c. Violations of FDCPA § 1692e

45. Defendant violated §1692e, e(2), and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even

after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force him to answer its calls and ultimately make a payment, despite the debt not belonging to Plaintiff. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it never had prior consent to do so in the first place.

### d.  Violations of FDCPA § 1692f

46. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that he did not legally owe. These means employed by Defendant only served to worry and confuse Plaintiff.

47. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

48. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

49. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

50. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Jason R. Ovalle respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from continuing to contact Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

51. Plaintiff restates and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Defendant repeatedly placed or caused to be placed frequent non-emergency phone calls, including but not limited to the phone calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

53. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

54. Defendant violated the TCPA by placing numerous phone call to Plaintiff's cellular phone between January 2021 and the present day, using an ATDS without his prior consent.

55. Any prior consent, if any, was revoked by Plaintiff's responsive revocations. Specifically, Plaintiff told Defendant's to stop calling him, revoking consent to be contacted on his cellular phone.

56. Defendant used equipment with the ability to store or produce cellular telephone number to be used at random or sequential number generator and to dial such numbers without human intervention, as evidenced by the high number of phone calls.

57. As pled above, Plaintiff was severely harmed by Defendant's collection phone calls to his cellular phone by experiencing annoyance, harassment and aggravation.

58. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

59. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

60. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per violation. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff Jason R. Ovalle respectfully requests this Honorable Court for the following relief:
   a. Declare Defendant's text messages to Plaintiff to be a violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 18, 2021                                  Respectfully Submitted,

/s/ Marwan R. Daher                                   /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                 Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                               *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                               Sulaiman Law Group, Ltd
2500 South Highland Avenue                            2500 South Highland Avenue
Suite 200                                             Suite 200
Lombard, IL 60148                                     Lombard, IL 60148
Telephone: (630) 537-1770                             Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                osulaiman@sulaimanlaw.com